Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 949 | DATE | 5/19/2004 |
| CASE TITLE | Washington vs. McGrath | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby denies the petitioner's petition for writ of habeas corpus. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion. The Illinois Attorney General is directed to serve a copy of the Court's opinion on the petitioner.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 2 0 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. Memorandum opinion distributed in open Court.. | docketing deputy initials | 30 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT LEE WASHINGTON, ) ) ) | | |
| Petitioner, ) ) | | |
| v. ) ) | No. 01 C 949 | |
| JOE McGRATH, Warden, Pelican Bay Prison, and JAMES E. RYAN, Attorney General, State of Illinois, ) ) ) ) ) | | |
| Respondents. ) | | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Robert Lee Washington's ("Petitioner") 28 U.S.C. § 2254 petition for writ of habeas corpus. For the reasons stated below we deny the petition.

## BACKGROUND

On April 24, 1996, following a jury trial, Petitioner was convicted of attempted first degree murder and sentenced to a term of sixty years imprisonment. Petitioner appealed his conviction to the Illinois Appellate Court, First Judicial District. On April 14, 1998, the Illinois Appellate Court affirmed Petitioner's

1

conviction. Petitioner did not file a petition for leave to appeal to the Supreme Court of the State of Illinois.

On April 2, 1999, Petitioner filed a petition for post-conviction relief. On April 16, 1999, the trial court denied the petition for post-conviction relief. On May 26, 1999, Petitioner filed a notice of appeal to the Illinois Appellate Court. On August 15, 2000, the Illinois Appellate Court affirmed the denial of Petitioner's post-conviction petition. On September 16, 2000, Petitioner filed a petition for a rehearing with the Illinois Appellate Court. On September 22, 2000 the Illinois Appellate Court denied the petition for rehearing. On October 31, 2000, Petitioner filed a petition for leave to appeal with the Supreme Court of the State of Illinois. On January 29, 2001, the Supreme Court of the State of Illinois denied Petitioner's leave to appeal.

## LEGAL STANDARD

A district court may entertain a habeas corpus petition from a "person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Pursuant to 28 U.S.C. §2254 a habeas corpus petition shall not be granted:

> on behalf of a person in custody pursuant to the judgment of a State Court . . . unless the adjudication of the claim . . . (1) resulted in a decision that was contrary to , or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.

28 U.S.C. §2254(d).

Procedural Default

A federal court will not address a question of federal law presented in a habeas corpus petition brought to contest a state court ruling if "the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). In order to avoid a procedural default on a claim presented in a habeas corpus petition the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Initially, Petitioner raised two claims on direct appeal to the Illinois Appellate Court. The Illinois Appellate Court affirmed the judgment of the trial court on appeal, but the Petitioner did not file a petition for leave to appeal that decision to the Supreme Court of the State of Illinois.

Because Petitioner failed to appeal the Illinois Appellate Court's decision as to the two claims raised on direct appeal, those two claims are now procedurally defaulted.

Petitioner also raised claims in a Petition for post-conviction relief with the trial court. After the trial court denied Petitioner's petition for post-conviction relief,

3

Petitioner appealed to the Illinois Appellate Court. The Illinois Appellate Court affirmed the trial court's judgment and further stated that Petitioner's brief "fails to identify and argue even a single alleged constitutional violation." Resp. Ex. E p. 6. Thereafter, the Illinois Appellate Court denied Petitioner's request for a rehearing. Petitioner then filed a petition for leave to appeal with the Supreme Court of the State of Illinois. The Supreme Court of the State of Illinois denied the petition for leave to appeal.

Because the Illinois State Courts found that Petitioner failed to identify or argue a single alleged constitutional violation within his petition for post-conviction relief, the remaining claims which Petitioner has included in this habeas petition are procedurally defaulted.

A federal court can review defaulted claims if the petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice. . . .'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Petitioner contends that the reason for his failure to raise his claims in the State courts are because of deficient attorney conduct, Illinois' obligation to effective post-conviction counsel, and denial of access to the courts. A review of the record reflects that Petitioner's petition for post-conviction relief was considered by the Illinois Appellate Court and denied due to procedural defaults. The Supreme Court having considered the petition

for leave to appeal and being fully advised of the premises, denied the petition for leave to appeal. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)(stating: "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.") A state court's finding of procedural default bars federal review if the ground upon which the default was based is not "infrequently, unexpectedly, or freakishly applied," but is "firmly established and regularly followed." *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Petitioner has failed to demonstrate that the procedural default which was applied to preclude his claim under Illinois law was the type that is sporadically applied. *Williams v. Lane*, 826 F.2d 654, 659 (7th Cir. 1987). Petitioner has also failed to sufficiently establish a sufficient cause for his default and actual prejudice from such default. In addition, Petitioner has not proven that there would be a miscarriage of justice if we did not consider these procedurally defaulted claims.

## CONCLUSION

Based on the foregoing analysis, we deny the petition for writ of habeas corpus.

May 19, 2004

Samuel Der-Yeghiayan
United States District Court Judge

5