Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 949 | **DATE** | 8/18/2004 |
| **CASE TITLE** | Robert Washington vs. Joe McGrath | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the petitioner's motion for a certificate of appealability is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 1 9 2004 | |
| | Notified counsel by telephone. | date docketed | 35 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | 2004 AUG 18 PM 2:18 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA ex rel, )
ROBERT LEE WASHINGTON, )
)
    Petitioner, )
)
v. ) No. 01 C 949
)
JOE McGRATH, Warden, Pelican )
Bay Prison, and JAMES E. RYAN, )
Attorney General, State of Illinois., )
)
    Respondents. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Robert Lee Washington's ("Washington") motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons stated below we deny the motion.

## BACKGROUND

On April 24, 1996, following a jury trial, Washington was convicted of attempted first degree murder and sentenced to a term of sixty years imprisonment. Washington appealed his conviction to the Illinois Appellate Court, First Judicial

1

District. On April 14, 1998, the Illinois Appellate Court affirmed Washington's conviction. Washington did not file a petition for leave to appeal to the Supreme Court of the State of Illinois.

On April 2, 1999, Washington filed a petition for post-conviction relief. On April 16, 1999, the trial court denied the petition for post-conviction relief. On May 26, 1999, Washington filed a notice of appeal to the Illinois Appellate Court. On August 15, 2000, the Illinois Appellate Court affirmed the denial of Washington's post-conviction petition. On September 16, 2000, Washington filed a petition for a rehearing with the Illinois Appellate Court. On September 22, 2000, the Illinois Appellate Court denied the petition for rehearing. On October 31, 2000, Washington filed a petition for leave to appeal with the Supreme Court of the State of Illinois. On January 29, 2001, the Supreme Court of the State of Illinois denied Washington's leave to appeal. Washington filed a petition for writ of habeas corpus. On May 15, 2004, we denied Washington's petition for writ of habeas corpus. Washington now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

## LEGAL STANDARD

If a court denies a petition for writ of *habeas* and the petitioner wishes to appeal, challenging the decisions made by the state trial courts, the petitioner must seek a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004). A district court should only issue a certificate of

appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In our prior ruling we found that the claims included in Washington's habeas petition were procedurally defaulted. A federal court will not address a question of federal law presented in a habeas corpus petition brought to contest a state court ruling if "the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003). In order to avoid a procedural default on a claim presented in a habeas corpus petition the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). A federal court can review defaulted claims if the petitioner "shows cause for failure to raise them at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal

3

to consider it would result in a 'fundamental miscarriage of justice. . . .'"*Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

Washington argues that it is debatable whether or not his claims are procedurally defaulted. We do not agree. Washington also puts forth arguments concerning his counsel's failure to follow state court rules, such as his counsel's failure to present arguments, caselaw, and analysis in his brief. Such arguments only serve to reaffirm that the state courts in this case ruled on an independent and adequate state basis. Washington also makes some arguments regarding exhaustion that are not pertinent. In addition, Washington argues that we should not apply the procedural default doctrine because the conduct of his prior counsel cannot be attributed to him. We disagree and are not convinced that procedural default should not be applied in this action. Washington also argues that it is debatable whether or not prejudice exists that would excuse procedural default and argues that it is debatable as to whether the application of procedural default would result in a miscarriage of justice. We cannot agree with either contention. Washington failed to follow the Illinois state appellate procedures and therefore, his claims are deemed procedurally defaulted. Washington has not provided sufficient reasons that would indicate that any of the exceptions to the doctrine of procedural default are applicable. Washington offers various other arguments, some of which are not included in his habeas petition. The briefs filed by Washington in this action are insufficient to even create a suspicion that his habeas petition should have been

4

granted. None of the arguments offered by Washington show that it is debatable whether or not his constitutional rights were violated or that habeas relief should be granted. Nor have any of the arguments presented indicate that the habeas issue deserves "encouragement to proceed further." *Slack*, 529 U.S. at 484. Therefore, we deny the motion for certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we deny Washington's motion for a certificate of appealability

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 18, 2004